Leon E. Jew (SBN 219298)
DAHYEE LAW GROUP
5776 Stoneridge Mall Rd., Ste 288
Pleasanton, CA 94588
Tel: (925) 463-3288 Fax: (925) 463-3218

Attorney for Plaintiff
SHUTING KANG

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHUTING KANG, an individual, | Case No.: |
| Plaintiff, | **COMPLAINT FOR:** |
| vs. | **1. EB-5 FRAUD (Illegal Brokering of EB-5 Investments; Misusing EB-5 Investments);** |
| | **2. VIOLATION OF SECTION 17(a) OF THE SECURITIES ACT OF 1933;** |
| SOPHIE HARRISON (a.k.a. XIANQIN WANG HARRISON, SOPHIA WANG, XIANQIN WANG and XUEQING WANG), an individual; SHENGRUN INTERNATIONAL INDUSTRY GROUP, INC., a California corporation; SINO-USA ENTREPRENEUR ASSOCIATION, INC., and DOES 1-10, inclusive, | **3. VIOLATION OF SECTION 10(b) AND RULE 10B-5 OF THE SECURITIES EXCHANGE ACT OF 1934;** |
| | **4. VIOLATION OF THE RICO LAW (RACKETEERING PONZI SCHEME);** |
| | **5. FRAUD;** |
| | **6. INTENTIONAL MISREPSENTATION;** |
| | **7. PROMISSORY FRAUD;** |
| | **8. UNJUST ENRICHMENT;** |
| | **9. CONVERSION; AND** |
| Defendants. | **10. UNLAWFUL AND/OR UNFAIR BUSINESS PRACTICES** |
| | **DEMAND FOR JURY TRIAL** |

## COMPLAINT

### Introduction

1. This action is brought by Plaintiff Shuting Kang (hereinafter "Plaintiff") to secure

redress for Defendants' violation of federal Immigration and Nationality Act of 1990,

Securities Act of 1993, Securities Exchange Act of 1934, Racketeer Influenced and Corrupt

Organizations Act (RICO Law), and California state law for fraud, intentional

misrepresentation, promissory fraud, unjust enrichment, conversion and unlawful business practices.

2. Plaintiff contends that Defendants perpetuated an investment scheme to exploit a federal visa program as a means of defrauding her, a Chinese investor who is seeking a legal path to U.S. residency. Defendants fraudulently duped her on the basis of false and misleading information that resulted in her enormous monetary loss due of around $1,500,000.00.

3. The Immigration and Nationality Act of 1990 provided a method for foreign nationals to obtain U.S. residency by investing in domestic projects that will create or preserve a minimum number of jobs for U.S. workers. Known as the EB-5 Program and administered by the U.S. Citizenship and Immigration Services ("USCIS"), this program provides that foreign nationals may qualify to obtain a green card if the individuals invest $1 million (or at least $500,000 in a "Targeted Employment Area" - *i.e.*, a high unemployment or rural area), creating or preserving at least ten (10) permanent full-time jobs for qualified U.S. workers, excluding the investor or her immediate family.

4. Using this lure of gaining a pathway to U.S. citizenship through the EB-5 Program visa, Plaintiff was enticed by Defendants to invest in their purported "229 International Boulevard" ("229 Project") an alleged EB-5 regional center immigration project in City of Oakland, State of California. However, after investing a substantial amount of money in the said project, Plaintiff belatedly found out that the "229 Project" is bogus and that Defendant Sophie Harrison, formerly known as Xianqin Wang Harrison, also known as Sophia Wang, Xianqin Wang, and Xueqing Wang (hereafter "Defendant Harrison") had spent all her investment money for personal benefits.

5. Plaintiff also alleges that aside from defrauding her of investment money for the EB-5 visa program, Defendants had also tricked her into extending a loan to Defendants in the amount of RMB 5 Million Yuan, which up to now Defendants have failed to pay.

## Jurisdiction

6. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 in that this case arises under federal laws (USCIS EB-5 Program, Securities Act of 1933, Securities Exchange Act of 1934 and the RICO Law).

7. This Court has supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1367(a) because Plaintiff's claims for fraud and misrepresentation under the California Civil Code form part of the same case or controversy under Article III of the US Constitution. Plaintiff's state law claims share all common operative facts with her federal law claim, and the parties are identical. Resolving all state and federal claims in a single action serves the interests of judicial economy, convenience, and fairness to the parties.

## Venue

8. Venue is proper in this judicial district pursuant to Section 22(a) of the Securities Act [15 U.S.C. §77v], Section 27 of the Exchange Act [15 U.S.C. § 78aa], 18 U.S. Code § 1964(c), as acts, practices and courses of business constituting violations alleged herein have occurred within the Northern District of California.

9. Defendants directly and indirectly made use of the means and instrumentalities of interstate commerce and of the mails in connection with the acts, practices, and courses of business alleged herein.

## Parties

10. Plaintiff Shuting Kang is a citizen of People's Republic of China. She is a Chinese

investor who sought to acquire a temporary legal residency status in the US through the EB-5 visa program. To this end, between January 2015 to May 2015, she had transferred $530,000 to Defendants account to invest in the so-called "229 Project" in Oakland, California, purported to be a regional center approved by the USCIS.

11. Shengrun International Industry Group, Inc., is a California corporation with address at 35 Bel Aire Court, Hillsborough, California.

12. Sino-USA Entrepreneur Association, Inc. was a former California corporation with an address at 1730 S. Amphlett Blvd., Suite 105, San Mateo, California but was dissolved on or about November 8, 2016.

13. Defendant Harrison is sued in her individual capacity, and as agent of Shengrun International Industry Group, Inc and officer/owner of Sino-USA Entrepreneur Association.

14. The true names and capacities of defendants DOES 1-10, inclusive, are unknown to Plaintiff at this time, who therefore sues said defendants by such fictitious names, and Plaintiff will seek leave of court to amend this complaint to allege such names and capacities as soon as they are ascertained. Plaintiff believes that each defendant named as a Doe is responsible for each and every obligation hereinafter set forth.

15. All of the acts and failure to act alleged herein were duly performed by and attributable to all Defendants, each acting as owner, successor, agent, alter ego, employee, indirect employer, joint employer, integrated enterprise and/or under the direction and control of the others, except as specifically alleged otherwise. Said acts and failures to act within the scope of the agency and/or employment, and each Defendant participated in, approved and/or ratified the unlawful acts and omissions by the other Defendant complained of herein. Whenever and wherever reference is made in this Complaint to any act by a

Defendant or Defendants, such allegations and reference shall also be deemed to mean the acts and failure to act of each Defendant acting individually, jointly, and/or severally.

### Statement of the Facts

16. In January of 2015, Plaintiff and her son travelled to San Francisco, California from China. She thereafter met Defendant Harrison in the latter's San Mateo office. Defendant Harrison introduced to Plaintiff the purported "229 International Boulevard" ("229 Project") an alleged EB-5 regional center immigration project. According to Defendant Harrison, the "229 Project" is an EB-5 investment apartment complex project in Oakland, California approved by the US Citizenship and Immigration Service ("USCIS"). Defendant Harrison described to Plaintiff the apartment complex to be built including the floor plans and information with regard to the surrounding cities.

17. Defendant Harrison promised Plaintiff that as long as she would invest $500,000.00 in the "229 Project," she would be able to complete the EB5 application for Plaintiff and file the applications for temporary residence status with the USCIS before her son reached 21 years of age on January 7, 2016. Defendant Harrison further assured Plaintiff that they would get their temporary green cards in about two (2) years around June 2017.

18. Defendant Harrison also assured Plaintiff that the "229 Project" will be completed by June 2017 and Plaintiff will get a condo unit from the project with rental income and thus Plaintiff can recover her $500,000.00 investment soon and receive profits.

19. After Defendant Harrison's presentation of the "229 Project," she made Plaintiff sign an immigration service retainer contract titled "Investment Immigration Agreement," copy of which is attached hereto as "Exhibit A." Among the terms in the contract is the

stipulation that Plaintiff is required to pay the USCIS designated minimum EB-5 investment money of $500,000.00 plus $8,000.00 immigration service fee.

20. Defendant Harrison also made Plaintiff sign a "House Purchase Deposit Agreement" which accordingly, will be attached to the first document and which provides that Plaintiff is a buyer of a "to-be-built" condo unit (Room 603) in the "229 Project" for a price of $650,000.00 with a $10,000.00 deposit.

21. Prior to signing the two (2) agreements, Plaintiff asked Defendant Harrison why there is no lawyer shown in the agreements and Defendant Harrison assured her that everything is legal and reiterated that the "229 Project" was approved by the USCIS and designated for EB-5 investor immigration purposes.

22. Between January 15, 2015 and the end of February 2015, Defendant Harrison met with Plaintiff several times in Shenzhen, Guanzhou and other places in China, during which time, Defendant Harrison urged Plaintiff to make the first deposit of $10,000.00. Plaintiff thereafter paid the deposit through wire transfer to Defendant Harrison's designated bank - the Industrial and Commercial Bank of China under Defendant Harrison's account name of "Wang Xueqing."

23. Moreover, between mid-January 2015 and April 2015, Defendant Harrison's designated agent in Beijing, China assisted Plaintiff in preparing the required immigration information, documents and investment money. During this time also, Defendant Harrison persistently urged Plaintiff to wire $520,000.00 to the former's bank account under the name of "Sino-USA Entrepreneur Association. Defendant Harrison also repeatedly assured Plaintiff that she and her son would timely get their US green cards. Plaintiff had again asked Defendant Harrison why there was no lawyer involved in the process and there was no

immigration designated trust account, but Defendant Harrison replied Plaintiff should just trust her and that's the only way that Defendant Harrison could best help the Plaintiff.

24. Relying on Defendant Harrison's promises and assurances, at the end of April 2015, Plaintiff wired $520,000.00 investment money through the Hong Kong HSBC ad China Merchants Bank to Defendant Harrison's account under the name "Sino-USA Entrepreneur Association."

25. Aside from investing in Defendant Harrison's EB-5 immigration project, Plaintiff was also induced by the Defendant to loan money to Defendant's company- Defendant Shengrun International Industry Group, Inc. ("Defendant Shengrun"). Hence, in late January 2015, Plaintiff released loaned money to Defendant Shengrun in the amount of RMB 5 million at a monthly interest of RMB 150,000.00.

26. Around the end of May 2015, not seeing any immigration attorney handling her case, Plaintiff called Defendant Harrison and inquired about the status of her EB-5 visa application. Defendant Harrison told Plaintiff that there is a hitch because Plaintiff's son would age-out as a follow-to-join dependent. However, Defendant Harrison told Plaintiff that she would have her son apply for the investor immigration as a principal applicant and would not therefore be subject to the 21-year-old time limit. Defendant Harrison reassured Plaintiff that there is no problem in their arrangement and there is nothing to worry about.

27. Defendant Harrison told Plaintiff many times that the construction work of "229 Project" had started in June 2015. By September 2015, Plaintiff, getting uneasy with the arrangement with Defendant Harrison, asked a friend in the US to conduct a field inspection of the "229 Project" in Oakland. The friend's investigation revealed that there was no "229 Project" at all and the designated location is just an empty piece of land. When Plaintiff

confronted Defendant Harrison with this fact, the latter admitted that there was a problem with the project, that she had not done anything on the immigration application of Plaintiff and her son, and that she had already spent Plaintiff's money for personal benefits.

28. Moreover, with regard to the loan that Plaintiff released to Defendants Wang and Shengrun, Defendants used various schemes (e.g. transferring Defendant Harrison's company share, promising Defendant Harrison's real properties to secure the loan repayment, and using a third-party company- Guangzhou Bozhi Trading Co. to receive the loan) to avoid repaying the principal and its interests. Defendant Harrison had initially paid the specified monthly interest to Plaintiff until March 2016. Thereafter, Defendants had stopped paying its obligation to Plaintiff altogether. With regard to this transaction, Defendants failed to pay Plaintiff the principal amount of RMB 5 Million Yuan plus the accumulated interest of RMB 1,650,000.00 Yuan from March 2016 to May 2017.

29. After Defendant Harrison's admission that she had spent all of Plaintiff's money for personal use and Defendants' failure to repay the loan, Plaintiff travelled to the US to negotiate with Defendants for the return of her immigration investment money and for the repayment of the RMB 5 Million Yuan loan, but her demands fell on deaf ears.

30. As a result of Defendants' immigration fraud and misuse of Plaintiff's investment money as well as misrepresentations for obtaining a loan from Plaintiff, Plaintiff suffered a huge monetary loss in the amount of over $1,500,000.00 and experienced emotional distress.

## First Cause of Action
### (EB-5 Fraud: Illegal Brokering of EB-5 Investments)

31. Plaintiff realleges and incorporates by reference each allegation contained in Paragraphs 1 through 30, and by reference repleads and incorporates them as though fully set forth here.

32. The Defendants' conduct as alleged at length herein constitutes illegal brokering of EB-5 investments in violation of the Immigrant Investor Program. Through fraud and willful and intentional misrepresentation, Defendants enticed Plaintiff to come to the U.S. and provide a "presentation" and information regarding the alleged "229 Project" purportedly approved by the USCIS as a regional investment center.

33. Defendants' elaborate scheme of fraudulent machinations includes the setting up of an agent in Beijing, China to assist plaintiff in her EB-5 visa application.

34. After securing from Plaintiff $520,000.00 investment money and the initial deposit of $10,000.00, Defendant Harrison admitted that the "229 Project" is bogus, that she never worked on Plaintiffs EB-5 immigrant application, and that she had allegedly spent all of Plaintiff's money for personal benefits.

35. As a proximate result of Defendants' fraudulent conduct, Plaintiff has suffered and continues to suffer huge monetary loss, mental anguish, and emotional distress. As a result of those actions and consequent harms, Plaintiff has suffered such damages in an amount to be proved at trial.

36. Defendants' unlawful actions were intentional, willful, malicious and/or done with reckless disregard for Plaintiff's rights, and justify the awarding of punitive and exemplary damages in amounts to be proved at trial.

37. Plaintiff requests relief as described in the Prayer for Relief below.

### Second Cause of Action
(EB-5 Fraud: Misusing EB-5 investments: $530,000.00)

38. Plaintiff realleges and incorporates by reference each allegation contained in Paragraphs 1 through 37, and by reference repleads and incorporates them as though fully set forth here.

39. The Defendants' conduct, as alleged at length herein, constitutes illegal misuse of EB-5 investments by misappropriating $530,000.00 from Plaintiff, an EB-5 investor.

40. The purpose of the EB-5 program is to stimulate the U.S. economy through job creation and capital investment by foreign investors such as Plaintiff. Defendants were able to raise around $530,000.00 from Plaintiff to invest in the alleged "229 Project," an apartment complex in Oakland's regional center but instead of using Plaintiff's investment fund for a legitimate project, Defendants diverted the money for Defendant Harrison's personal use or dissipated for whatever purpose.

41. As a direct and proximate result of Defendants' fraudulent conduct, Plaintiff has suffered and continues to suffer huge monetary loss, mental anguish, and emotional distress. As a result of those actions and consequent harms, Plaintiff has suffered such damages in an amount to be proved at trial.

42. Defendants' unlawful actions were intentional, willful, malicious and/or done with reckless disregard for Plaintiff's rights, and justify the awarding of punitive and exemplary damages in amounts to be proved at trial.

43. Plaintiff requests relief as described in the Prayer for Relief below.

### Third Cause of Action
(Violations of Section 17(a)(1) and Section 17(a)(3) of the Securities Act of 1933)

44. Plaintiff realleges and incorporates by reference each allegation contained in Paragraphs 1 through 43, and by reference repleads and incorporates them as though fully set forth here.

45. Section 17(a) of the Securities Act of 1933 prohibits fraud and misrepresentations in the offer or sale of securities, which definition includes "investment contract." It provides that "It shall be unlawful for any person in the offer or sale of any securities or any security-

based swap agreement by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly --- (1) to employ any device, scheme, or artifice to defraud, or (2) to obtain money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or (3) to engage in any transaction, practice or course of business which operates or would operate as a fraud or deceit upon the purchaser."

46. By engaging in the conduct described above, Defendants enticed Plaintiff to sign an investment contract, and by use of means and instruments of transportation or communication in interstate commerce or by use of mails, directly or indirectly, have employed devices, schemes and artifices to defraud.

47. In order to defraud Plaintiff of her investment money, Defendants made Plaintiff believe that she is investing in the "229 Project" in the purported USCIS designated EB-5 regional center in Oakland and made her sign an "Investment Immigration Agreement" as well as a "House Purchase Deposit Agreement."

48. As detailed above, Defendants intentionally or recklessly made the untrue statements and omissions and engaged in the devices, schemes, artifices, transactions, acts, practices and courses of business described above.

49. By reason of the foregoing, Defendants violated Sections 17(a)(1) and (a)(3) of the Securities Act.

50. Moreover, as a direct and proximate result of Defendants' fraudulent conduct, Plaintiff has suffered and continues to suffer huge monetary loss, mental anguish, and

emotional distress. As a result of those actions and consequent harms, Plaintiff has suffered such damages in an amount to be proved at trial.

51. Defendants' unlawful actions were intentional, willful, malicious and/or done with reckless disregard for Plaintiff's rights, and justify the awarding of punitive and exemplary damages in amounts to be proved at trial.

52. Plaintiff requests relief as described in the Prayer for Relief below.

### Fourth Cause of Action
(Violations of Section 17(a)(2) of the Securities Act of 1933)

53. Plaintiff realleges and incorporates by reference each allegation contained in Paragraphs 1 through 52, and by reference repleads and incorporates them as though fully set forth here.

54. By engaging in the conduct described above, Defendants, acting at least negligently, in enticing Plaintiff to enter into an investment contract, by the use of the means and instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly, have obtained money or property by means of untrue statements of material fact or by omitting to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading.

55. As detailed above, Defendants have made false and misleading statements in enticing Plaintiff to invest in the sham "229 Project."

56. By reason of the foregoing, Defendants violated Section 17(a)(2) of the Securities Act.

57. Moreover, as a proximate result of Defendants' fraudulent conduct, Plaintiff has suffered and continues to suffer huge monetary loss, mental anguish, and emotional distress.

As a result of those actions and consequent harms, Plaintiff has suffered such damages in an amount to be proved at trial.

58. Defendants' unlawful actions were intentional, willful, malicious and/or done with reckless disregard for Plaintiff's rights, and justify the awarding of punitive and exemplary damages in amounts to be proved at trial.

59. Plaintiff requests relief as described in the Prayer for Relief below.

### Fifth Cause of Action
(Violation of Section 10(b) of the Securities Exchange Act, and Exchange Act Rule 10(b)(5))

60. Plaintiff realleges and incorporates by reference each allegation contained in Paragraphs 1 through 59, and by reference repleads and incorporates them as though fully set forth here.

61. By engaging in the conduct described above, Defendants, in connection with the offering and execution of an investment contract, by the use of the means and instrumentalities of interstate commerce and by the use of the mails, directly and indirectly; used and employed devices, scheme and artifices to defraud; and engaged in acts, practices and courses of business which operated as a fraud and deceit upon investors, such as Plaintiff. Further, Defendants made untrue statements of material fact and omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading.

62. In order to defraud Plaintiff in violation of Section 10b-5 of the Securities Exchange Act of 1934, Defendants lied and deceived Plaintiff regarding the existence of the "229 Project" in the purported USCIS designated EB-5 regional center in Oakland, without which misrepresentation and assurances, Plaintiff would not have parted with her investment

Plaintiff's Complaint

fund of $530,000.00. To further their devious fraudulent scheme, Defendants made Plaintiff sign an "Investment Immigration Agreement" as well as a "House Purchase Deposit Agreement."

63. Defendants knew, or were reckless in not knowing, of the facts and circumstances described above.

64. By reason of the foregoing, Defendants violated Section 10(b) of the Exchange Act and Rule 10b-5 thereunder.

65. Moreover, as a proximate result of Defendants' fraudulent conduct, Plaintiff has suffered and continues to suffer huge monetary loss, mental anguish, and emotional distress. As a result of those actions and consequent harms, Plaintiff has suffered such damages in an amount to be proved at trial.

66. Defendants' unlawful actions were intentional, willful, malicious and/or done with reckless disregard for Plaintiff's rights, and justify the awarding of punitive and exemplary damages in amounts to be proved at trial.

67. Plaintiff requests relief as described in the Prayer for Relief below.

## Sixth Cause of Action
(Violation of the Racketeer Influenced and Corrupt Organization Act (RICO) of 1970)

68. Plaintiff realleges and incorporates by reference each allegation contained in Paragraphs 1 through 67, and by reference repleads and incorporates them as though fully set forth here.

69. By engaging in the conduct described above, Defendants are involved in an enterprise that operates through a pattern of racketeering activity. Defendants are using various corporations and entities to entice and trick foreign investors like Plaintiff to invest in bogus EB-5 projects and to provide loans to said corporations.

70. Conniving and plotting together, Defendants Wang, Sino-USA Entrepreneur Association, Shengrun International Industry Group, Inc. and third party Guangzhou Bozhi Trading Company are engaged in dishonest and fraudulent business dealings, specifically, fraud in the sale of securities that robbed Plaintiff of her EB-5 investment money of $530,000.00 and the loaned money of RMB 5 Million Yuan plus interests.

71. As a proximate result of Defendants' fraudulent conduct, Plaintiff has suffered and continues to suffer huge monetary loss, mental anguish, and emotional distress. As a result of those actions and consequent harms, Plaintiff has suffered such damages in an amount to be proved at trial.

72. Defendants' unlawful actions were intentional, willful, malicious and/or done with reckless disregard for Plaintiff's rights, and justify the awarding of punitive and exemplary damages in amounts to be proved at trial.

73. Plaintiff requests relief as described in the Prayer for Relief below.

### Seventh Cause of Action
(Deceit or Intentional Fraud as Defined in Civil Code Sections 1709, 1710, 1572 and 1573)

74. Plaintiff realleges and incorporates by reference each allegation contained in Paragraphs 1 through 73, and by reference repleads and incorporates them as though fully set forth here.

75. At all times mentioned herein, Defendants, each of them and as co-conspirators, falsely represented to Plaintiff certain important facts as true, including but not limited to the representations that: (a) Defendants are going to finance and build the "229 Project," an EB-5 investment apartment complex project in Oakland; (b) the said project has been approved by the USCIS; and (c) Plaintiff and her son would get a U.S. green card if they

will invest in the project by 2017 and that Defendants will process and take case of Plaintiffs' papers with the USCIS.

76. In fact, (a) Defendants never intended to help Plaintiff and her son get U.S. green cards; (b) that the "229 Project" is a sham and nonexistent; and (c) Defendants only intended to defraud Plaintiff by taking Plaintiff's $530,000.00 and duped her into extending a loan to Defendants in the amount of RMB 5 Million Yuan.

77. The representations were intentional and made by Defendants with the intent to deceive and defraud Plaintiff and to induce her to give Defendants the aforementioned amount of money.

78. The representations made by Defendants were in fact false, and Defendants knew them to be false at the time they made them and at all times herein mentioned.

79. Plaintiff relied on the representations by Defendants in agreeing to invest in the bogus EB-5 project and in extending a separate enormous amount of loan. Plaintiff's reliance on these representations was justified because Plaintiff believed that she is investing in an EB-5 project and in so doing, will get a U.S. green card by 2017.

80. At the time of making these representations to Plaintiff, Defendants knew each such representation was false, or Defendants made such representations recklessly and without regard for the truth of each representation.

81. The representations Defendants made to Plaintiff were material inducement to Plaintiff to give Defendants the $530,000.00 investment money and RMB 5 Million Yuan loan. Plaintiff would not have invested or extended the loan but for those representations.

82. As a proximate result of Defendants' fraud and deceit, Plaintiff has sustained damages of no less than $1,500,000.00.

83. At all times mentioned herein, each and every act of Defendants and statements of Defendants to Plaintiff was part of a scheme to intentionally and maliciously deceive Plaintiff.

84. Moreover, due to Defendants' fraudulent conduct, Plaintiff has suffered and continues to suffer huge monetary loss, mental anguish, and emotional distress. As a result of those actions and consequent harms, Plaintiff has suffered such damages in an amount to be proved at trial.

85. Defendants' unlawful actions were intentional, willful, malicious and/or done with reckless disregard for Plaintiff's rights, and justify the awarding of punitive and exemplary damages in amounts to be proved at trial.

86. Plaintiff requests relief as described in the Prayer for Relief below.

## Eighth Cause of Action
(Negligent Misrepresentation)

87. Plaintiff realleges and incorporates by reference each allegation contained in Paragraphs 1 through 86, and by reference repleads and incorporates them as though fully set forth here.

88. Defendants, each of them and as co-conspirators, negligently and/or with reckless disregard for the truth, represented to Plaintiff that: (a) Defendants are going to finance and build the "229 Project," an EB-5 investment apartment complex project in Oakland; (b) the said project has been approved by the USCIS; and (c) Plaintiff and her son would get a U.S. green card if they will invest in the project by 2017 and that Defendants will process and take case of Plaintiffs' papers with the USCIS. Such representations were untrue, and Defendants knew or should have known that they were untrue.

Plaintiff's Complaint

89. Plaintiff relied on such representations by Defendants when Plaintiff agreed to invest in the sham "229 Project" and extend Defendants a separate loan of RMB 5 Million Yuan. As a proximate result thereof, Plaintiff was caused to suffer the injuries herein alleged.

90. When Defendants made the representations to Plaintiff, Defendants had no reasonable ground for believing them to be true, in that they knew, or should have known, that Plaintiff would rely upon such representation. Defendants made these representations with the intention of inducing Plaintiff to act in reliance of these representations in the manner alleged herein, or with the expectation that Plaintiff would so act. Plaintiff, at the time these representations were made by Defendants, was ignorant of the falsity of Defendants' representations and believed them to be true. In justifiable reliance on these representations, Plaintiff was lured into providing Defendants with $530,000.00 investment money and extending Defendants a separate loan of RMB 5 Million Yuan.

91. As a proximate result of Defendants' fraud and deceit, Plaintiff has sustained damages of no less than $1,500,000.00.

92. Moreover, due to Defendants' fraudulent conduct, Plaintiff has suffered and continues to suffer huge monetary loss, mental anguish, and emotional distress. As a result of those actions and consequent harms, Plaintiff has suffered such damages in an amount to be proved at trial.

93. Defendants' unlawful actions were intentional, willful, malicious and/or done with reckless disregard for Plaintiff's rights, and justify the awarding of punitive and exemplary damages in amounts to be proved at trial.

94. Plaintiff requests relief as described in the Prayer for Relief below.

**Ninth Cause of Action**
(Promissory Fraud)

95. Plaintiff realleges and incorporates by reference each allegation contained in Paragraphs 1 through 94, and by reference repleads and incorporates them as though fully set forth here.

96. Defendants, each of them and as co-conspirators promised to Plaintiff that she and her son will obtain a US green card if she will invest in the "229 Project," which is a promise made regarding a material fact and which Defendants had no intention of performing. The promise was made with intent to deceive or with intent to induce the Plaintiff to enter into the transaction. The promise was relied upon by Plaintiff but Defendants did not perform what they had promised resulting to Plaintiff's injury as alleged herein.

97. As a proximate result of Defendants' fraudulent conduct, Plaintiff has suffered and continues to suffer huge monetary loss, mental anguish, and emotional distress. As a result of those actions and consequent harms, Plaintiff has suffered such damages in an amount to be proved at trial.

98. Defendants' unlawful actions were intentional, willful, malicious and/or done with reckless disregard for Plaintiff's rights, and justify the awarding of punitive and exemplary damages in amounts to be proved at trial.

99. Plaintiff requests relief as described in the Prayer for Relief below.

### Tenth Cause of Action
(Unjust Enrichment)

100. Plaintiff realleges and incorporates by reference each allegation contained in Paragraphs 1 through 99, and by reference repleads and incorporates them as though fully set forth here.

101. As a result of Defendants' conduct described above, Defendants have been and will be unjustly enriched at the expense of Plaintiff.

102. Defendants' actions as described in this Complaint have enabled Defendants to take $530,000.00 from Plaintiff as investment money and RMB 5 Million Yuan as separate loan.

103. As a direct and proximate result of Defendants' conduct described herein, Plaintiff suffered substantial harm and damages or no less than $1,500,000.00.

## Eleventh Cause of Action
### (Conversion)

104. Plaintiff realleges and incorporates by reference each allegation contained in Paragraphs 1 through 103, and by reference repleads and incorporates them as though fully set forth here.

105 Plaintiff provided Defendants the amount of $530,000.00 as investment money and RMB 5 Million Yuan loan money.

106. Defendants intentionally took possession of Plaintiff's money of $530,000.00 and RMB 5 Million Yuan and converted for their own use. Plaintiff demanded the return of her money and Defendants have failed and refused, and continue to fail and refuse, to do so.

107. Plaintiff did not consent to such actions by Defendants, and was harmed thereby in that Plaintiff was deprived of her money.

108. The conduct of Defendants and each of them was a substantial factor in causing Plaintiff's harm.

109. As a direct and proximate result of Defendants' conduct described herein, Plaintiff suffered substantial harm and damages or no less than $1,500,000.00.

110. Defendants' unlawful actions were intentional, willful, malicious and/or done with reckless disregard for Plaintiff's rights, and justify the awarding of punitive and exemplary damages in amounts to be proved at trial.

111. Plaintiff requests relief as described in the Prayer for Relief below.

## Twelfth Cause of Action
(Unlawful and/or Unfair Business Practices)

112. Plaintiff realleges and incorporates by reference each allegation contained in Paragraphs 1 through 111, and by reference repleads and incorporates them as though fully set forth here.

113. The above-described unlawful actions of Defendants constitute false, unfair, fraudulent and/or deceptive business practices, within the meaning of Business and Professions Code § 17200, *et seq*.

114. As a direct and proximate result of Defendants' conduct described herein, Plaintiff suffered substantial harm and damages or no less than $1,500,000.00.

115. Defendants' unlawful actions were intentional, willful, malicious and/or done with reckless disregard for Plaintiff's rights, and justify the awarding of punitive and exemplary damages in amounts to be proved at trial.

116. Plaintiff requests relief as described in the Prayer for Relief below.

## Prayer for Relief

WHEREFORE, Plaintiff prays that this Court grant the following relief:

1. Enter a declaratory judgment that the conduct and/or practices complained of in this complaint are unlawful and violate the Immigration and Nationality Act,

Securities Act, Exchange Act, RICO law as well as pertinent provisions of the California Civil Code and the Business and Professions Code;

2. Order Defendants to return Plaintiff's investment money for the bogus EB-5 project with interests and to pay the loan Plaintiff extended to Defendants through the Shengrun International Industry Group, Inc. plus interests, in amounts to be proven at trial;

3. Order Defendants to pay actual damages in the amount of $1,500,00.00 plus with 10% judgement interest thereon from the date of judgment until paid;

4. Order Defendants to pay compensatory damages for Plaintiff's emotional pain and suffering, in an amount to be proven at trial;

5. Order Defendants to pay exemplary and punitive damages;

6. Order Defendants to pay attorneys' fees and costs of the action;

7. Order Defendants to pay interest at the legal rate on such damages as appropriate, including pre-and post-judgment interest; and

8. Grant any further relief that the Court deems just and proper.

## **Jury Demand**

Plaintiff hereby demands a jury trial in all issues so triable.

Respectfully submitted,

Dated: May 25, 2017

/Leon E. Jew/
LEON E. JEW
Counsel for Plaintiff

**VERIFICATION**

I, the Plaintiff, hereby certify that I have verified the foregoing Complaint and I certify that

the factual allegations therein are true and correct.

Dated:  5 - 25 - 2017

SHUTING KANG
Plaintiff