IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

SHUTING KANG, an individual,

    Plaintiff,

vs.

SOPHIE HARRISON (a.k.a. XIANQIN WANG HARRISON, SOPHIA WANG, XIANQIN WANG and XUEQING WANG), an individual; SHENGRUN INTERNATIONAL INDUSTRY GROUP, INC., a California corporation, SINO-USA ENTREPRENEUR ASSOCIATION, INC., and DOES 1-10, inclusive,

    Defendants.

Case No.: 17-cv-03034-DMR

**[PROPOSED] ORDER**

Plaintiff Shuting Kang ("Plaintiff") moves to enforce the Settlement Agreement and Release ("Agreement"), impose sanctions and award attorney's fees against Defendants. For the following reasons, the motion is granted.

I. BACKGROUND

Plaintiff filed an action on May 25, 2017, asserting a myriad of claims, including fraud and misrepresentation, against Defendants Shengrun International Industry Group, Inc. ('Shengrun"), Sino-USA Entrepreneur Association, Inc. ("Sino-USA), and Ms. Sophie Harrison ("Ms. Harrison"). Later, on or about January 5, 2018, the complaint was amended to add Jarrod Harrison ("Mr. Harrison"), husband of Ms. Harrison and corporate officer of Sino-USA, as a defendant.

...

The case was referred to Magistrate Judge Maria-Elena James for settlement conference. On January 10, 2018, the parties reached a global settlement and also agreed that the Court retains jurisdiction over the settlement (ECF, Doc. No. 46).

Pursuant thereto, the Court issued an Order of Conditional Dismissal on January 11, 2018. On February 20, 2018, the parties presented to the Court the Agreement. All parties, except Mr. Harrison signed the settlement agreement. The Court thus issued an Order dated March 2, 2018 (ECF, Doc. No. 49) directing remaining defendants to appear and execute the settlement agreement. Mr. Harrison's signature was finally secured on March 8, 2018.

Under the Agreement, the provision on "Settlement Payment" provides:

> *Defendants shall pay or cause to be paid to Plaintiff, in accordance with Plaintiff's written instructions on Exhibit A hereto, the following amounts:*
>
> *(a) Within ten (10) days after the execution of this Agreement, USD Two Hundred Thousand Dollars (USD $200,000.00) and within twenty-five (25) days after execution of this Agreement, USD Three Hundred and Thirty Thousand Dollars (USD $330,000.00), in full and final satisfaction of the Sino-USA Dispute and the claim asserted therefor in the Action; and*
> *(b) Within twenty-five (25) days after execution of this Agreement, RMB Three Million Seven Hundred Thousand Renminbi (RMB 3,700,000.00), in full and final satisfaction of the Shengrun-Dispute and the claims asserted therefore in the Action.*

Defendants, to date, however, have not made any payment to Plaintiff.

This Court has jurisdiction over the parties and subject matter of this enforcement motion and venue is proper in this Court. Accordingly, this Honorable Court is requested to grant the enforcement motion.

II. LEGAL STANDARD

Courts have inherent power to enforce settlement agreements between parties in pending cases. *Metronet Servs. V. U.S. West Communics.*, 329 F.3d, 1013, 1014 (9th Cir. 2003). District courts have the inherent and equitable power to enforce settlement agreements in cases pending before them. *In re City Equities Anaheim, Ltd.*, 22 F.3d 954, 957 (9th Cir. 1994); *Callie v. Near*, 829 F.2d 888, 890 (9th Cir. 1987).

Moreover, this Court retained jurisdiction over the enforcement of the Agreement because the parties stipulated that the Court would retain jurisdiction to enforce the terms of the agreement, and that, in the event of breach, the prevailing party would be entitled to damages and fees in connection with enforcing the terms of the agreement. The pertinent provisions of the Agreement thus read:

> *6. MISCELLANEOUS PROVISIONS*
>
> *(a) Each Party shall bear its own costs, expenses and attorneys' fees incurred in connection with this Action. Notwithstanding the foregoing, in the event that a Party is found to be in breach of its/his/her obligations under this Agreement, such as the obligation to pay the settlement amounts, such breaching party shall be liable for, among other damages, reasonable attorneys' fees and expenses of the party enforcing the Agreement.*
>
> *xxx              xxx              xxx*
>
> *(d) This Agreement shall be governed by and construed in accordance with the laws of the United States and the State of California. The Parties agree that Judge Maria-Elena James, of the Northern District of California ("Court"), shall have sole and exclusive jurisdiction to enforce the terms of this Agreement, and agree that they will present any dispute under this Agreement, including, without limitation, any claim for breach or enforcement of this Agreement, exclusively to the Court. Each of the Parties consents to the jurisdiction of the Court, acknowledges that the Court has jurisdiction over this Agreement, and that the Court shall retain jurisdiction for the purposes of implementing and enforcing the terms of this Agreement. In the event of a dispute arising out of this Agreement, if Judge James, summons the parties*

*for further settlement conference, Ms. Kang need not appear in person for such conference.*

### III. DISCUSSION

Here, there is no dispute that Plaintiff and Defendants entered into a written settlement agreement: Defendants agreed to pay USD $200,000.00 within ten (10) days after the execution of the Agreement, and USD $330,000.00 and RMB 3,700,000.00 within twenty five (25) days after the execution of the Agreement. Defendants failed to make the payment. Plaintiff's remedy appears to be to move to enforce the Agreement pursuant to Stipulations 1, 6(a), and 6(d). Plaintiff has done so here, and is entitled to the settlement amounts pursuant tot the terms of the Agreement.

### IV. CONCLUSION

Accordingly, Plaintiff's motion enforce the settlement agreement, impose sanctions and award attorney's fees is granted.

**SO ORDERED**, this ___ day of _____ 2018.

_____
The Honorable Donna M. Ryu
United States District Court Judge