Brian Y. Lee (S.B. No. 197233)
303 Twin Dolphin Drive, Suite 600
Redwood City, CA  94065
Telephone Number:  (650) 251-4643
Facsimile Number:  (650) 251-4201
Email:  blee@pivotpointlaw.com

Attorneys for SOPHIE HARRISON, JARROD HARRISON, SINO-USA ENTREPRENEUR ASSOC., AND SHENGRUN INTERNATIONAL INDUSTRY GROUP, INC.

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHUTING KANG, an individual,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>SOPHIE HARRISON (a.k.a. XIANQIN WANG HARRISON, SOPHIA WANG, XIANQIN WANG and XUEQING WANG), an individual; JARROD HARRISON, an individual; SHENGRUN INTERNATIONAL INDUSTRY GROUP, INC., a California corporation; SINO-USA ENTREPRENEUR ASSOCIATION, INC., and DOES 1-9, inclusive,<br><br>　　　　　Defendants. | Case No. 17-cv-03034 DMR<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT**<br><br>Date:　August 9, 2018<br>Time:　11:00 AM<br>Place:　Courtroom 4, 3rd Floor<br>　　　　1301 Clay Street, Oakland |

　　　　Defendants Sophie Harrison et al (collectively, "Defendants") respectfully oppose Plaintiff's motion to enforce settlement agreement, impose sanction, and award attorney's fees ("Motion") on the ground that this Court no longer has jurisdiction over this dispute. In support hereof, Defendants state as follows:

## BACKGROUND

　　　　At the January 10, 2018, settlement conference before Judge Maria-Elena James, Plaintiff reluctantly agreed to the key terms of a compromise that substantially mirrored the offer that Defendants had previously made (which was simply to return the investment money), but Plaintiff had repeatedly rejected.

On January 11, 2018, the Court entered an order dismissing the above-captioned action with prejudice, with the proviso that either party could move to reopen the case if a settlement was not reached, so long as such motion was made within 60 days of the order. See Order of Conditional Dismissal (docket #45).

Soon thereafter, however, false and defamatory remarks about Ms. Harrison and misleading information about the compromise began to emerge online and circulate among mutual acquaintances of Ms. Harrison and Plaintiff, in an obvious attempt to embarrass Ms. Harrison.

Among the terms of settlement was a non-disparagement clause. Ms. Harrison has reasons to believe that Plaintiff has violated the clause and is in the process of investigating and verifying it. If the investigation clears Plaintiff of wrongdoing, Defendants will promptly pay the settlement amount.

No motion to reopen the case was made, and the 60-day deadline has long expired.

## **LEGAL ARGUMENT**

This Court is no longer the appropriate forum to resolve the dispute, including any dispute arising from the settlement agreement. When the Court dismissed the claims with prejudice, and the Clerk of the Court closed the case, the Court lost jurisdiction over enforcement of the settlement agreement.

The law is clear that "federal courts have no inherent power to enforce settlement agreements entered into by parties litigating before them." See Arata v. Nu Skin Int'l, Inc., 96 F.3d 1265, 1268 (9th Cir. 1996) (citing Kokkonen v. Guardian Life Insur. Co. of America, 511 U.S. at 375, 378 (1994)). Rather, courts have ancillary jurisdiction to enforce a settlement agreement only "if the parties' obligation to comply with the terms of the settlement agreement ha[s] been made part of the order of dismissal— either by separate provision (such as a provision 'retaining jurisdiction' over the settlement agreement) or by incorporating the terms of the settlement agreement in the order." See Kokkonen, 511 U.S. at 381.

Here, the Court did not retain jurisdiction in the dismissal order, nor did it incorporate the terms of the settlement in the dismissal. Therefore, following Kokkonen, the dismissal divested the Court of

jurisdiction. Under the circumstances, the appropriate remedy for any party seeking to enforce the settlement is to commence a new lawsuit.[1]

## CONCLUSION

For the reasons set forth above, Plaintiff's Motion must be denied.:

Dated: July 5, 2018                                         Respectfully submitted,

                                                           _/s/ Brian Y. Lee_
                                                           Brian Y. Lee, Esq.
                                                           Attorneys for Defendants

---

[1] Indeed, the parties explicitly agree that, in such new lawsuit, Judge James shall have "sole and exclusive jurisdiction" over any dispute to enforce the settlement agreement:

> "The parties agree that Judge Maria-Elena James, of the Northern District of California, shall have **sole and exclusive** jurisdiction to enforce the terms of this Agreement, and agree that they will present any dispute under this Agreement, including, without limitation, any claim for breach or enforcement of this Agreement, exclusively to the Court."

See §6(d) of settlement agreement (bold added for emphasis).