Leon E. Jew (SBN 219298)
DAHYEE LAW GROUP
5776 Stoneridge Mall Rd., Ste 288
Pleasanton, CA 94588
Tel: (925) 463-3288 Fax: (925) 463-3218

Attorney for Plaintiff
SHUTING KANG

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHUTING KANG, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> SOPHIE HARRISON (a.k.a. XIANQIN WANG HARRISON, SOPHIA WANG, XIANQIN WANG and XUEQING WANG), an individual; JARROD HARRISON, an individual; SHENGRUN INTERNATIONAL INDUSTRY GROUP, INC., a California corporation, SINO-USA ENTREPRENEUR ASSOCIATION, INC., and DOES 1-10, inclusive, <br><br> Defendants. | Case No.: 17-cv-03034-DMR <br><br> **PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO ENFORCE SETTLEMENT AGREEMENT, IMPOSE SANCTIONS, AND AWARD ATTORNEY'S FEES** <br><br> Judge: Hon. Donna M. Ryu <br> Courtroom 4, 3rd Floor <br> Hearing Date: August 9, 2018 <br> Hearing Time: 11:00 a.m. |

**INTRODUCTION**

Plaintiff respectfully submits this Reply in Opposition to the Motion to enforce the settlement agreement, impose sanctions, and award attorney's fees.

Plaintiff will not dignify Defendants' allegation that it was Plaintiff who violated the settlement agreement. This is a recycled allegation already raised by Defendants before the settlement agreement was finalized and signed, the very reason why the finalization of the settlement agreement was delayed even after the Order of Conditional Dismissal was

issued by the court. With the procurement of Mr. Harrison's signature on March 8, 2018, all that is left for Defendants to do is to honor the provisions of the settlement agreement which they failed to do so.

Moreover, as Plaintiff contends in its motion, the court has jurisdiction over the enforcement of the settlement agreement contrary to Defendants' arguments.

## ARGUMENTS

Going back to *Kokkonen v. Guardian Life Ins. Company of America*, 511 U.S. 375, 378 (1994), the U.S. Suprement Court ruled that *"[e]nforcement of the settlement agreement xxx is more than just continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction."* Therefore, in order for a settlement agreement to be enforced in federal court, there must be an independent basis, such as diversity jurisdiction, federal question or ancillary jurisdiction. In the instant case, the court has diversity jurisdiction and ancillary jurisdiction over the settlement agreement.

The court obviously has diversity jurisdiction because there is complete diversity of parties, the Plaintiff being a national of Republic of China and the amount in controversy exceeds $75,000.000. More importantly, the court has ancillary jurisdiction over the enforcement of the settlement agreement.

It should be clarified that the Supreme Court did not reject the "supplemental" or ancillary jurisdiction doctrine. However, it found the doctrine too narrow to permit its application to the enforcement of the settlement agreement between Kokkonen and Guardian. Using the familiar language of "ancillary jurisdiction," the Court said that the doctrine can only be exercised for two reasons: (1) to dispose of factually interdependent

claims or (2) to ensure that the court's authority is protected.[1] While Guardian satisfied neither, Plaintiff in the instant case does.

With regard to the first situation, the Court noted as an example its holding in *Baker v. Gold Seal Liquors*, 417 U.S. 467, 468-469 (1974), where it said that where a court has primary jurisdiction over the parties and over the subject matter, the power to resolve the amount of the claim and the counterclaim is clear. In *Kokkonen*, however, the Court ruled that unlike in *Baker*, the "facts underlying respondent's dismissed claim for breach of agency agreement and those underlying its claim for breach of settlement agreement have nothing to do with each other; it would neither be necessary or even particularly efficient that they be adjudicated together."

The facts in the instant case, however, falls squarely under situation one just like in *Baker*. One of the claims of Plaintiff in the case was the return of her investment money with interests that Defendants fleeced out of her through their bogus EB-5 project as well as the payment of the loan that Plaintiff extended to Defendants through the Shengrun International Industry Corporation. These amounts are also the very the subject of the settlement payments provision in the settlement agreement. The settlement agreement in fact mirrors the facts and claims in the Complaint. Thus, the court must exercise jurisdiction over the enforcement of the settlement agreement to dispose the factually interdependent claims.

Given the foregoing, Defendants' argument citing the *Kokkonen* case in support of their opposition to the motion to enforce the settlement agreement is thus misplaced. Defendants' citation specifically refers to the Court's elaboration with regard to the second

---

[1] *Id.*

**Plaintiff's Reply in Support of Motion to Enforce Settlement Agreement**
Case No. 17-cv-03034 DMR

situation upon which one can successfully rest an ancillary jurisdiction claim. This relates to the court's power to protect its proceedings and vindicate its authority. As an example, the Court cited *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991). In *Chambers*, the Court recognized ancillary jurisdiction to compel the payment of opposing party's fees as a sanction for misconduct. However, in *Kokkonen*, the Court suggested that under the *Kokkonen* facts, reliance to Chambers was misplaced. The exercise of ancillary jurisdiction in *Kokkonen* was not, in the opinion of the Court, necessary to protect its proceedings or vindicate its authority. The Court noted that Guardian sought the impositions of power that was quite "remote" from that require by a court to perform its goal. However, the Court further explained, and this is what was quoted by Defendants in their Opposition, that *"the would be quite different if the parties' obligation to comply with the terms of the settlement agreement had been made part of the order of dismissal - either by separate provision (such as a provision "retaining jurisdiction" over the settlement agreement) or by incorporating the terms of the settlement agreement in the order"* because *"[i]n that event, a breach of the agreement would be a violation of the order, and the ancillary jurisdiction to enforce the agreement would therefore exist."*[2]

As discussed, however, Plaintiff need not rely on the second reason for exercising ancillary jurisdiction, but rather on the first. Thus, the court does not only have diversity jurisdiction over the enforcement of the settlement agreement, it has also ancillary jurisdiction because facts to be determined with regard to the breach of the settlement agreement are interdependent and closely intertwined with the facts in the principal suit.

---

[2] *Kokkonen*, 511 U.S. at 381.

**Plaintiff's Reply in Support of Motion to Enforce Settlement Agreement**
Case No. 17-cv-03034 DMR

4

## CONCLUSION

For the reasons set forth above and in Plaintiff's Motion, Plaintiff respectfully requests that this Court grants her motion to enforce settlement agreement, impose sanctions and award attorney's fees.

Respectfully Submitted,

Dated: July 9, 2018

/Leon E. Jew/
LEON E. JEW
Counsel for Plaintiff