James Cai, SBN 200189
jcai@sacattorneys.com
Clark S. Stone, SBN 202123
cstone@sacattorneys.com
Woody Wu, SBN 309317
wwu@sacattorneys.com
**SAC ATTORNEYS LLP**
1754 Technology Drive, Suite 122
San Jose, CA  95110
Telephone: (408) 436-0789
Facsimile: (408) 436-0758

Attorneys for Defendants
SOPHIE HARRISON, JARROD HARRISON,
SHENGRUN INTERNATIONAL INDUSTRY GROUP, INC.,
and SINO-USA ENTREPRENEUR ASSOCIATION, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHUTING KANG, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> SOPHIE HARRISON (a.k.a. XIANQIN WANG HARRISON, SOPHIE WANG, XIANQIN WANG and XUEQING WANG), an individual; JARROD HARRISON, an individual; SHENGRUN INTERNATIONAL INDUSTRY GROUP, INC., a California corporation, SINO-USA ENTREPRENEUR ASSOCIATION, INC., and DOES 1-10, inclusive, <br><br> Defendants. | Case No. 4:17-cv-03034 DMR <br><br> **DEFENDANTS' OPPOSITION TO PLAINTIFF'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED.** <br><br> (Civil L.R. 3-12, 7-11) |

Defendants SOPHIE HARRISON, JARROD HARRISON, SHENGRUN INTERNATIONAL INDUSTRY GROUP, INC., and SINO-USA ENTREPRENEUR ASSOCIATION, INC. (collectively, "Defendants") hereby oppose Plaintiff SHUTING KANG ("Plaintiff")'s Administrative Motion to Consider Whether Cases Should be Related ("Motion"). By her Motion, plaintiff seeks a determination by the Court that Case No. 3:18-cv-05399-LB, filed on August 31, 2018, is related to this case and should be reassigned to Magistrate Judge Donna M. Ryu pursuant to Civil L.R. 3-12(f). Plaintiff's Motion should be denied, for the reasons set forth below.

## I. BACKGROUND

On July 11, 2018, Magistrate Judge Maria-Elena James issued an order in this case granting Plaintiff's motion to enforce the parties' settlement agreement. *See,* Dkt. 59; *Declaration of Leon E. Jew in Support of Plaintiff's Administrative Motion to Consider Whether Cases are Related* ("Jew Decl."), ¶¶ 5-6. The parties' settlement agreement in this case included a clause providing that Magistrate Judge Maria-Elena James "shall have sole and exclusive jurisdiction to enforce the terms of this Agreement". *See,* Jew Decl. Ex. A (Settlement Agreement) at p. 5, ¶ 6(d).

On August 9, 2018, Defendants filed a Notice of Appeal (Dkt. No. 60) from the Court's order granting Plaintiff's motion to enforce the settlement agreement (Dkt. No. 59), the Amended Order Dismissing Case (Dkt. No. 57) and the order referring Plaintiff's motion to enforce settlement agreement to Magistrate Judge James (Dkt. No. 58). Defendants' appeal is currently pending before the Ninth Circuit Court of Appeals as Case Number 18-16528. Dkt. No. 61.

One of the bases for Defendants' pending appeal is that Magistrate Judge James lacked jurisdiction over enforcement of the settlement agreement because the Court did not retain jurisdiction in the dismissal order nor did it incorporate the terms of the settlement in the dismissal. *See,* Dkt. No. 55; *Arata v. Nu Skin Int'l, Inc.,* 96 F.3d 1265, 1268 (9th Cir. 1996) *(citing Kokkonen v. Guardian Life Insur. Co. of America*, 511 U.S. at 375, 378, 381

(1994)).

## II. ARGUMENT

### A. Defendants Have Declined Magistrate Judge Jurisdiction in Case No. 3:18-cv-05399-LB.

On September 17, 2018, Defendants filed a Declination to Magistrate Judge Jurisdiction in Case No. 3:18-cv-05399-LB. Because Defendants have not freely consented to Magistrate Judge jurisdiction, assignment of Case No. 3:18-cv-05399 LB to Magistrate Judge Ryu would be improper. *See, Wilhelm v. Rotman*, 680 F.3d 1113, 1118 (9th Cir. 2012); *Reiter v. Honeywell, Inc.* 104 F.3d 1071, 1073 (8th Cir. 1997).

### B. The Issue of Magistrate Judge Jurisdiction to Enforce the Settlement Agreement is on Appeal to the Ninth Circuit.

Relying upon the Court's July 11, 2018 order, Plaintiff's contends that her recently filed Case No. 3:18-cv-05399 LB is related to this case because "This Court has already decided to retain jurisdiction to enforce the parties' settlement agreement". Motion at pp. 2-3; Dkt. No. 57. However, the issue of whether Magistrate Judge James lacked jurisdiction to enforce the parties' settlement agreement and whether the Court's July 11, 2018 Amended Order Dismissing Case were proper are *precisely* the issues currently on appeal to the Ninth Circuit. *See,* Dkt. No. 60 (Notice of Appeal). One of the bases for Defendants' pending appeal is that Magistrate Judge James lacked jurisdiction over enforcement of the settlement agreement, because the Court did not retain jurisdiction in the dismissal order, nor did it incorporate the terms of the settlement in the dismissal. *See,* Dkt. No. 55; *Arata v. Nu Skin Int'l, Inc.,* 96 F.3d 1265, 1268 (9th Cir. 1996) *(citing Kokkonen v. Guardian Life Insur. Co. of America*, 511 U.S. at 375, 378, 381 (1994)).

Because Defendants are challenging the Court's Amended Order Dismissing Case and any jurisdiction arising from this order, relating and reassigning Plaintiff's new case risks a significant duplication of the Court's efforts. A decision by the Ninth Circuit in favor of Defendants on

-2-

appeal would effectively invalidate any decision by this Court relating and reassigning Plaintiff's new case, as well as invalidating any further actions taken by the Court after reassignment.

### III.	CONCLUSION

For the reasons set forth above, Plaintiff SHUTING KANG's Administrative Motion to Consider Whether Cases Should be Related should be denied.

Respectfully submitted,

Dated:  September 17, 2018						**SAC ATTORNEYS LLP**


								By:  _____/s/_____
									Clark S. Stone

								Attorneys for Defendants
								SOPHIE HARRISON, JARROD HARRISON, SHENGRUN INTERNATIONAL INDUSTRY GROUP, INC., and SINO-USA ENTREPRENEUR ASSOCIATION, INC.